UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:15-cv-56-GFVT

HUBERT RAY ARWOOD, JR.,                                                          PETITIONER,

V.  **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

DON BOTTOM, *Warden*,                                                           RESPONDENT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the *pro se* petition of Hubert Ray Arwood, Jr. for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1]. Consistent with local practice, the matter has been referred to the undersigned for initial consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Having considered the record, and for the reasons set forth below, the Court will recommend that Arwood's petition be denied.

DISCUSSION

In his petition, Hubert Ray Arwood, Jr. ("Arwood") states that he was convicted in Harlan County Kentucky on two counts of first-degree sodomy and one count of first-degree sexual abuse on January 15, 2009. [R. 1 at 1]. Arwood further states that he was sentenced to ten years in prison and that he did not appeal his conviction or seek further review by a higher state court. Id.

In his § 2254 petition, Arwood appears to raise only one ground for relief. Id. at 5. His claim reads in its entirety, "False allegations." Id. at 3. As "supporting facts" for his claim, Arwood states, "Without real [sic] prove or evidence. Just [sic] hear say? However they caused me [sic] alot of mental anguish and heartache!" Id. at 5. Put simply, Arwood's claim for relief is incognizable and fails to provide any relevant, or supporting facts. [See R. 1 at 3-5].

Thus, Arwood's § 2254 petition fails to comply with Rule 2(c)(2) of the Rules governing § 2254 cases in Federal Court which provides that a petition "must" "state the facts supporting each ground" for relief claimed. For this reason, the Court previously ordered Arwood to file a supplemental pleading detailing the facts supporting the ground he raised in his § 2254 petition on or before April 10, 2015. [R. 2]. Further, the Court warned that failure to submit a supplemental pleading would result in the undersigned recommending dismissal of Arwood's petition pursuant to 28 U.S.C. § 1915(A)(b)(1).[1] [R. 2]. However, despite the Court's warning, Arwood has failed to file a supplemental pleading. Accordingly, the undersigned recommends dismissal of Arwood's petition.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing § 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court fully explained the requirement associated with a "showing of the denial of a constitutional right." In cases where a district court has rejected a defendant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

---

[1] 28 U.S.C. § 1915(A)(b)(1) allows the Court to dismiss a § 2254 petition in the event that the claims are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."

shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In the instant case, reasonable jurists would not debate the denial of Petitioner's 2254 petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)(citing Slack, 529 U.S. at 484). Accordingly, it is further recommended that a certificate of appealability be denied upon the District Court's entry of its final order in this matter.

## CONCLUSION

Therefore, for the reasons stated herein,

IT IS RECOMMENDED AS FOLLOWS:

(1)  the Defendant's Petition for Writ of Habeas Corpus [R. 1] be DENIED.

(2)  this case be DISMISSED and STRICKEN from the Court's docket without the necessity of requiring Respondent to file a written response; and,

(3)  a Certificate of Appealability be DENIED by the District Court in conjunction with the Court's entry of its final order in this matter.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommendation, issued under subsection (B) of the statute. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912

(6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

Signed April 13, 2015.



Signed By:
Edward B. Atkins
United States Magistrate Judge